**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **TRACY HALL,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No.:  1:19-cv-01800-BAH** |
| **WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,** | |
| **Defendant.** | |

## PROPOSED JURY INSTRUCTIONS

**<u>Jointly Requested Specialized Jury Instructions</u>**

## **Introductory Instructions**

Members of the jury, at this time, it is my duty and responsibility as the trial judge to give you instructions as to the law that applies to this case, the evidence that has been presented, and how to go about your deliberations. It is your sworn duty to base your verdict upon the law given in these instructions and upon the evidence that has been admitted in the trial.

My instructions will be divided roughly into four different parts. First, I will talk about some general principles of law. Next, I will instruct you on evaluating the evidence. Then, I will discuss with you instructions that apply to the elements of the particular claims in this case. Finally, I will have some closing instructions about how you are to conduct your deliberations.

I will provide you with several copies of my instructions for your use during deliberations, so there is no need for you to take notes now. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole. You may not follow some and ignore others. If you have any questions about the instructions, you may send me a note. I will explain how to do that later in these instructions. The copies of these instructions will be returned to me when your verdict is rendered.

**Jointly Proposed Specialized Jury Instruction No. 1**
**Province of the Court and Jury**

The function of the judge is to conduct the trial of this case in an orderly, fair, and efficient manner. The judge must also rule upon questions of law arising during the trial and must tell you the law that applies to this case. It is your duty to accept the law as I state it to you without questioning the wisdom of these instructions. In other words, even if you disagree or do not understand the reasons for any of the instructions, you are bound to follow them.

Your role as jurors is to decide the facts. You are the exclusive judges of the facts. You alone determine the weight, effect, and value of the evidence and the credibility of the witnesses. You should decide the facts from a fair evaluation of all the evidence, without prejudice, sympathy, fear, or favor for either party.

The law permits me to comment to you about the evidence in this case. My comments are only my opinions about the facts, and you may disregard my opinions.  It is not my function to determine the facts, but rather yours. Both parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

**Authority**
Adapted from *Makray v. Perez*, 1:12-cv-520-BAH, ECF No. 64 (D.D.C. 2015); 3C O'MALLEY, GRENIG & LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS §§ 101.10(6th ed. 2019)

**Jointly Proposed Specialized Jury Instruction No. 2**
**Unanimous Verdict Required; Duty to Deliberate**

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that all jurors agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard to individual judgment. You must each decide the case for yourself, but only after a fair and careful consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in this case.

**Authority**
Adapted from 3C O'MALLEY, GRENIG & LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS §§ 103.50, 106.01 (6th ed. 2019)

**Jointly Proposed Specialized Jury Instruction No. 3**
**Election of Foreperson; Special Verdict Form**

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court. A special verdict form has been prepared for your convenience. You will take this form to the jury room. You will note that the verdict form contains multiple questions. The answer to each question must be the unanimous answer of the jury. Your foreperson will write the unanimous answer of the jury in the space provided at the end of each question. As you will note from the instructions in the verdict form, depending on how you answer a question, it may or may not be necessary to answer the next question. Follow the instructions provided. The foreperson will then date and sign the special verdict form as so completed, and you will then return with it to the courtroom.

**Authority**

Adapted from 3C O'MALLEY, GRENIG & LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS §§ 106.04, 106.05 (6th ed. 2019)

**Jointly Proposed Specialized Jury Instruction No. 4**
**Communications Between Court and Jury During Jury's Deliberations**

If it becomes necessary to communicate with me, you may send a note by a marshal, which must be signed by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing. I will not communicate with any member of the jury on any subject touching the merits of the case other than in writing, or orally here in open court.

You will note from the oath about to be taken by the marshal that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person -- not even to me -- how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

**Authority**

Adapted from 3C O'MALLEY, GRENIG & LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 106.08 (6th ed. 2019).

**Jointly Proposed Specialized Jury Instruction No. 5**
**Equality of Litigants**

Our system of justice requires that you decide the facts of this case in an impartial manner. You must not be influenced by bias, sympathy, prejudice, or public opinion. It is a violation of your sworn duty to base your verdict upon anything other than the evidence in the case.

In reaching a just verdict, you must consider and decide this case as an action between persons of equal standing in the community and of equal worth. WMATA has the same right to a fair trial as a private individual. All persons, including WMATA, stand equal before the law and are to be treated as equals in this court. In other words, the fact that the defendant is WMATA must not affect your decision.

**Authority**
Standardized Civil Jury Instructions for the District of Columbia 1-11 "Equality of Litigants -- Corporations."

**Jointly Proposed Specialized Jury Instruction No. 6**
**Introductory Instruction**

In this case, the Plaintiff, Ms. Hall, makes claims based on federal law known as the Rehabilitation Act.  Under the Rehabilitation Act, employers that receive federal funding, such as WMATA, may not deprive a person with a disability of an employment opportunity because of that disability, if that person is able, with reasonable accommodation if necessary, to perform the essential functions of the position.

Ms. Hall's claims for disparate treatment under the Rehabilitation Act are that she was not selected for a position as a Bus Scheduling System Specialist, and that her employment at WMATA was terminated, both solely because of her disability.  Ms. Hall also claims, under the Rehabilitation Act, that she was subjected to a hostile work environment due to her disability and that she was subjected to a hostile work environment in retaliation for her use of disability accommodations.

Defendant WMATA denies Ms. Hall's claims. Instead, WMATA contends that Ms. Hall was not given the position she desired and that her employment was terminated because of Ms. Hall's poor work performance. WMATA also argues that Ms. Hall was not subject to a hostile work environment.

As you listen to these instructions, please keep in mind that many of the terms I will use, and you will need to apply, have a special meaning under the Rehabilitation Act.  So please remember to consider the specific definitions I give you, rather than using your own opinion of what these terms mean.

**Authority**
Adapted from Modern Federal Jury Instructions-Civil 4.01 (Matthew Bender).

**Jointly Proposed Specialized Jury Instruction No. 7**
**Failure to Hire**

The parties agree that Plaintiff is a person with a disability. To succeed on her failure to hire claim, Ms. Hall must show, by a preponderance of the evidence, that WMATA would not have refused to hire her as a Bus Scheduling Systems Specialist if Ms. Hall had not been disabled, but everything else remained the same.

If you find that Ms. Hall has proved, by a preponderance of the evidence, that she would have been hired as a bus systems specialist but for her disability, you should turn to the issue of Ms. Hall's damages on that claim. If you find that Ms. Hall has failed to prove that her disability was the reason WMATA did not hire her as a Bus Scheduling Systems Specialist, you should return a verdict for defendant on this claim.

**Authority**

Adapted from Modern Federal Jury Instructions-Civil 4.02(Matthew Bender); 3C O'MALLEY, GRENIG & LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 172.1 (6th ed. 2019)

**Jointly Proposed Specialized Jury Instruction No. 8**
**Wrongful Termination Based on Disability**

The parties agree that Ms. Hall is an individual with a disability.  To succeed on her wrongful termination claim, Ms. Hall must show, by a preponderance of the evidence, that WMATA would not have terminated her employment if Ms. Hall had not been disabled, but everything else remained the same.

If you find that Ms. Hall has proved, by a preponderance of the evidence, that WMATA would not have terminated her employment but for her disability, you should turn to the issue of Ms. Hall's damages on that claim.  If you find that Ms. Hall has failed to prove that her disability was the reason WMATA terminated Ms. Hall's employment, you should return a verdict for defendant on this claim.

**Authority**

Adapted from Modern Federal Jury Instructions-Civil 4.02(Matthew Bender); 3C O'MALLEY, GRENIG & LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 172.1 (6th ed. 2019)

**Jointly Proposed Specialized Jury Instruction No. 9**
**Compensatory Damages**

I am now going to instruct you on damages. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not WMATA should be held liable.

If you find by a preponderance of the evidence that Defendant violated Plaintiff's rights under the Rehabilitation Act, then you must consider the issue of compensatory damages. You must award Plaintiff an amount that will fairly compensate her for any injury she actually sustained as a result of Defendant's conduct. The damages that you award must be fair compensation, no more and no less. The award of compensatory damages is meant to put Plaintiff in the position she would have occupied if the discrimination had not occurred. Plaintiff has the burden of proving damages by a preponderance of the evidence.

Plaintiff must show that the injury would not have occurred without Defendant's act. Plaintiff must also show that Defendant's act played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of Defendant's act. This test—a substantial part in bringing about the injury—is to be distinguished from the test you must employ in determining whether Defendant's actions were motivated by discrimination. In other words, even assuming that Defendant's actions were motivated by discrimination, Plaintiff is not entitled to damages for an injury unless Defendant's discriminatory actions actually played a substantial part in bringing about that injury.

There can be more than one cause of an injury. To find that Defendant's act caused Plaintiff's injury, you need not find that Defendant's act was the nearest cause, either in time or

12

space. However, if Plaintiff' injury was caused by a later, independent event that intervened between Defendant's ac and Plaintiff's injury, Defendant is not liable unless the injury was reasonably foreseeable by Defendant.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork.

You may award damages for any pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life that Plaintiff experienced as a consequence of Defendant's allegedly unlawful act. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

In assessing damages, you must not consider attorney fees or the costs of litigating this case. Attorney fees and costs, if relevant at all, are for the court and not the jury to determine. Therefore, attorney fees and costs should play no part in your calculation of any damages.

**Authority**

Adapted from Modern Federal Jury Instructions-Civil 9.4 (Matthew Bender).

**Plaintiff's Requested Jury Instructions**

**Plaintiff's Proposed Specialized Jury Instruction No. 1***

**Hostile Work Environment**

Ms. Hall claims that she was subjected to harassment by her supervisor at WMATA and that this harassment was motivated by Ms. Hall's disability and use of reasonable accommodations for her disability.  The parties agree that Ms. Hall is an individual with a disability under the Rehabilitation Act.

WMATA is liable for the actions of in Ms. Hall's claim of harassment if Ms. Hall proves all of the following elements by a preponderance of the evidence:

First:  Ms. Hall is a "qualified individual" within the meaning of the Rehabilitation Act;

Second:  Ms. Hall was subjected to frequent and disparaging comments, interference with her job performance, and was limited in her ability to fully participate in workplace trainings and opportunities by her supervisor, Rosalind Dewey.

Third:  Dewey's conduct was not welcomed by Ms. Hall.

Fourth:  Dewey's conduct was motivated by the fact that Ms. Hall has a disability or Ms. Hall's use of the reasonable accommodations,

Fifth:  The conduct was so severe or pervasive that a reasonable person in Ms. Hall's position would find their work environment to be hostile or abusive. This element requires you to look at the evidence from the point of view of the reaction of a reasonable person with Ms. Hall's disability to Ms. Hall's work environment.

Sixth:  Ms. Hall believed her work environment to be hostile or abusive as a result of Mrs. Dewey's conduct.

If you find that Ms. Hall has proven each of these elements by a preponderance of the evidence, you should return a verdict for Ms. Hall on this claim. If you find that Ms. Hall has not proven any of these elements by a preponderance of the evidence, you should return a verdict for WMATA on this claim.

Authority

Adapted from Modern Federal Jury Instructions-Civil, §9.1.5 (Matthew Bender)

*WMATA objects to Plaintiff's Requested Jury Instruction above because it is an incorrect and incomplete summation of the law.

**Plaintiff responds that it took these jury instructions verbatim, with only the names of parties changed, from the Modern Federal Jury Instructions, and is therefore unclear on how they are incorrect or incomplete

**<u>Defendant's Requested Instructions</u>**

**Defendant's Proposed Specialized Jury Instruction #1**

**Elements of Hostile Environment Claim (Supervisor Harassment)**

Ms. Hall accuses WMATA of harassment based upon Ms. Hall's disability in violation of federal law. To succeed on this claim, Ms. Hall must prove by a preponderance of the evidence all of the following factors:

1. That she suffered intentional discrimination because of her disability;

2. That the harassment was both objectively and subjectively offensive, such that a reasonable person would find it hostile or abusive and Ms. Hall in fact did perceive it to be so; and

3. That the harassment was sufficiently severe or pervasive so as to alter the conditions of her employment and create an abusive working environment.

I will discuss each of these elements in greater detail in a minute. If you find that Ms. Hall was harassed by her former manager, Rosalind Dewey, and that the harassment resulted in a tangible employment action, then you must find WMATA liable for the harassment. However, if you find that the harassment did not result in a tangible employment action, then you shall consider WMATA's affirmative defense. To prevail on its affirmative defense, WMATA must prove by a preponderance of the evidence:

1. That it exercised reasonable care to prevent and correct promptly the harassing behavior; and

2. That Ms. Hall unreasonably failed to take advantage of any preventive or corrective opportunities that WMATA provided.

If you find that WMATA has proven both of these elements by a preponderance of the evidence, your verdict must be for WMATA on this claim. Otherwise, your verdict must be for Ms. Hall.

*Authority*

PROPOSED CIVIL PATTERN JURY INSTRUCTIONS, EMPLOYMENT DISCRIMINATION, DISPARATE TREATMENT, Judge Hornby, United States District Court for the District of Maine, §2.2 (2005); *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998).

\* Plaintiff objects to these instructions as an incorrect statement of the law. A finding of intentional discrimination is not now, nor has even been, an element of a hostile work environment claim. *See e.g, Oncale v. Sundowner Offshore Services, Inc.* 523 U.S. 75, 81-2 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998); *Harris v. Forklift Systems*, 510 U.S. 17, 21 (1993). Inserting the word "intentional" in the element of the claim injects (the civil equivalent of) a *mens rea* requirement into a hostile work environment claim, making it harder to prove.

In addition, Plaintiff objects to Defendant's phrasing of the affirmative defense. The defense's statement of the affirmative defense minimizes the most important factor – that if a jury finds that Plaintiff suffered a tangible employment actions due to the culmination of her

supervisor's harassment, the affirmative defense is not available.  *Faragher v. City of Boca Raton*, 524 U.S. 775, 807-808 (1998). Additionally, Plaintiff objects to Defendant's omission of the words "both of the following factors" following the word "evidence" in the affirmative defense instruction.  The defense's phrasing makes the affirmative defense instruction incompatible with the hostile work environment claim instruction, which does include "all of the following factors" following "evidence".  This imbalance could only serve to prejudice the jury by misleading them on what the law actually states.

## Defendant's Proposed Specialized Jury Instruction #2

### Subjectively Offensive

To prevail on a hostile work environment claim, Ms. Hall must first demonstrate that, from a subjective standpoint, the harassment unreasonably interfered with her ability to perform her work.

*Authority*

*Faragher v. City of Boca Raton, 524 U.S. 775, 787-88 (1998)*

\*        Plaintiff objects to this instruction as an incorrect statement of the law, because one of the hostile work environment claims at issue here is a claim of retaliation. *See* Mem. Op., ECF No. 22, at 40-41 (finding that plaintiff had raised a genuine issue of material fact on Count VI of the complaint, which alleges a hostile work environment in retaliation for the use of intermittent leave as a disability accommodation).  Where a hostile work environment claim is alleged to be retaliatory, the effects of such a claim are not limited to employment-based actions.  *Burlington Northern & Santa Fe R.R. Co. v. White*, 548 U.S. 53, 64 (2006) ("A provision limited to employment-related actions would not deter the many forms that effective retaliation can take.").

**Defendant's Proposed Specialized Jury Instruction #3**

**Objectively Offensive**

In determining whether a hostile environment existed, you must also consider the evidence from the perspective of a reasonable person. Moreover, you must find that the conduct in question was more than "merely vulgar" or "mildly offensive." Rather, the conduct must have been "deeply offensive." This is an objective standard, and you must look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances. You cannot view the evidence from the perspective of an overly sensitive person. Rather, you must evaluate the totality of the circumstances and determine whether the alleged harassing behavior could be objectively classified as the kind of behavior that would seriously affect the psychological well-being of a reasonable person.

*Authority*

*Oncale v. Sundowner Offshore Services, Inc. 523 U.S. 75, 81-2 (1998).*

*Plaintiff objects to this jury instruction (#3) and the following instruction (#4) on the grounds that they deviate from the model instructions and make the bar for a hostile work environment appear higher than it is. Plaintiff suggests instead that the jury be given an instruction taken directly from either the model federal civil instructions or the standardized civil jury instructions for the District of Columbia. These are listed below, for clarity and convenience.

Model Federal Jury Instructions – Civil - §5.2.1 – Definitions – Hostile or Abusive Work Environment

> It is not enough that the work environment was generally harsh, unfriendly, unpleasant, crude or vulgar to all employees. In order to find a hostile work environment, you must find that Ms. Hall was harassed because of her disability/in retaliation for her use of intermittent leave as an accommodation. The harassing conduct may, but need not be explicitly anti-disabled people in nature. Rather, its defining characteristic is that the harassment complained of is linked to the victim's disability/use of accommodations for her disability.

> It is important to understand that, in determining whether a hostile work environment existed at WMATA, you must consider the evidence from the perspective of a reasonable disabled person in the same position. That is, you must determine whether a reasonable disabled person would have been offended or harmed by the conduct in question. You must evaluate the total circumstances and determine whether the alleged harassing behavior could be objectively classified as the kind of behavior that would seriously affect the psychological or emotional well-being of a reasonable disabled person. The reasonable disabled person is simply one of normal sensitivity and emotional make-up.

Standardized Civil Jury Instructions for the District of Columbia § 24.08 (April 2021)

In determining whether a reasonable person in Ms. Hall's circumstances would find the work environment to be hostile or abusive, you must consider all of the circumstances as a whole. Relevant circumstances for you to consider include:

•the severity of the conduct;

•the frequency of conduct;

•whether the conduct is physically threatening or humiliating;

•the presence or absence of other people when the hostile conduct occurred; and

•the relationship between the allegedly hostile person and [Plaintiff].

A few isolated or trivial comments or incidents generally do not create a hostile work environment. However, some comments or incidents may be so offensive that a single occurrence can create a hostile work environment.

The conduct need not explicitly invoke Ms. Hall's disability in order to contribute to a hostile work environment. All hostile conduct that is due, in whole or in part, to Ms. Hall's disability/use of intermittent leave as a reasonable accommodation can contribute to a hostile work environment.

Ms. Hall must prove that her disability/use of reasonable accommodations is a reason for the hostile work environment. Ms. Hall is not required to prove that her disability/use of reasonable accommodations is the only or the primary reason for the hostile work environment.

**Defendant's Proposed Specialized Jury Instruction #4**

**Sufficiently Severe or Pervasive**

Liability on this claim requires more than the mere utterance of an offensive remark or even a series of offensive remarks. Rather, the conduct complained of must be extreme in nature and not merely rude or unpleasant. You must consider the evidence as a whole and the totality of the circumstances, such as the nature of the conduct and the context in which it occurred. In considering the totality of the circumstances, you must consider the frequency of the conduct, its severity, whether it was physically threatening or humiliating, and whether it unreasonably interfered with Ms. Hall's work performance. If you find that the behavior was bothersome, but did not interfere with Ms. Hall's work performance, or could be classified as rudeness, occasional teasing, and isolated incidents, then the conduct was not "sufficiently severe" to support a harassment claim and you must find in favor of WMATA.

*Authority*

*Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21-23 (1993); PROPOSED CIVIL PATTERN JURY INSTRUCTIONS, EMPLOYMENT DISCRIMINATION, DISPARATE TREATMENT, Judge Hornby, United States District Court for the District of Maine, §2.2 (2005).

\*       Plaintiff objects to this instruction on the grounds that it misstates the standards for a hostile work environment due to retaliation. *See Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993) ("A discriminatorily abusive work environment, even one that does not seriously affect employees' psychological well-being, can and often will detract from employees' job performance, discourage employees from remaining on the job, or keep them from advancing in their careers."); *Burlington Northern & Santa Fe R.R. Co. v. White*, 548 U.S. 53, 64 (2006), as well as on the grounds described above in response to Defendant's Proposed Specialized Jury Instruction #3.

**Defendant's Proposed Specialized Jury Instruction #5**

**Tangible Employment Action**

Ms. Hall claims that she was [ _____ ] as the result of the harassing behavior. It is up to you to decide whether this _____ rose to the level of a "tangible employment action." Such an action requires a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits, and, in most cases, it inflicts direct economic harm. A tangible employment action requires an official act of the company. In most cases, such an act is documented in official company records, and may be subject to review by higher level supervisors. To take such action, the supervisor often must obtain the official approval of the enterprise and use its internal processes.

*Authority*

*Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761-62 (1998)

Dated: June 21, 2021

Respectfully submitted,

/s/ Denise M. Clark
Denise M. Clark (420480)
Clark Law Group, PLLC
1100 Connecticut Ave., N.W., Suite 920
Washington, D.C. 20036
Tel: 202-293-0015
Fax: 202-293-0115
dmclark@benefitcounsel.com

*Counsel for Plaintiff*

/s/ Michael K. Guss
Michael K. Guss (465171)
Senior Counsel
WMATA - Office of General Counsel
600 Fifth Street, N.W.
Washington, D.C. 20001
Tel. (202) 962-1468
Fax (202) 962-2550
mkguss@wmata.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I CERTIFY that, on June 21, 2021, a true and correct copy of the foregoing was

served via e-mail upon the following:

Michael K. Guss
Senior Counsel-WMATA
Office of General Counsel
Washington Metropolitan Area Transit Authority
600 5th Street, N.W.
Washington, D.C. 20001
(202) 962-1468 (T)
(202) 962-2550 (F)

/s/ Denise M. Clark
Denise Clark