**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **TRACY HALL** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No. 1:19-cv-01800 (BAH)** |
| | : | |
| | : | |
| **WASHINGTON METROPOLITAN** | : | |
| **AREA TRANSIT AUTHORITY** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**PROPOSED VERDICT FORM**

**Count I- Disability Discrimination- Failure to Hire**

1.      With respect to Plaintiff's allegation that she was not hired as a Bus Scheduling System

Specialist because she was disabled, do you find for the Plaintiff or Defendant?


                Plaintiff _____          Defendant_____


**Count III- Disability Discrimination- Termination**

2.      With respect to Plaintiff's allegation that she was terminated because she was disabled,

do you find for the Plaintiff or Defendant?


                Plaintiff _____          Defendant _____

**Count V- Hostile Work Environment Based on Disability**

3.      With respect to Plaintiff's allegation that she was subject to a hostile work environment because she was disabled, do you find for the Plaintiff or Defendant?

Plaintiff _____   Defendant _____


**Count VI- Retaliatory Hostile Work Environment**

4.      With respect to Plaintiff's allegation that she was subject to a hostile work environment because she used a reasonable accommodation for her disability under the Rehabilitation Act of 1973, do you find for the Plaintiff or Defendant?

Plaintiff _____   Defendant _____


IF YOU ANSWERED DEFENDANT FOR ALL OF THE ABOVE QUESTIONS, DO NOT ANSWER ANY FURTHER QUESTIONS AND SIGN AND RETURN THE VERDICT FORM. If you answered Plaintiff to any one or all of the above questions, please move on to Question 5.

5.      What sum of money, if any, do you find would reasonably compensate Plaintiff for damages suffered because of Defendant's conduct?

Answer:      $_____

Foreperson  _____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

TRACY HALL                                    :
                                              :
        **Plaintiff,**                             :
                                              :
**v.**                                        :   **Case No. 1:19-cv-01800 (BAH)**
                                              :
                                              :
**WASHINGTON METROPOLITAN**                   :
**AREA TRANSIT AUTHORITY**                    :
                                              :
        **Defendant.**                             :
                                              :

## STATEMENT OF THE COUNTS

There are four remaining counts that need to be decided in this case.

Count I - Plaintiff alleges that WMATA discriminated against her under the

Rehabilitation Act of 1973 by rescinding her job offer of Bus Scheduling System

Specialist position because of her disability.  In May 2018, Plaintiff applied for Bus

Scheduling System Specialist and was later interviewed for the position.  Plaintiff alleges

that she was given a verbal offer but that the conduct of her supervisor Roseland Dewey

resulted in Plaintiff's job offer being rescinded.  Plaintiff alleges that Ms. Dewey's

conduct was motivated by discriminatory animus.


Count III - Plaintiff alleges that WMATA discriminated against her under the

Rehabilitation Act of 1973 by terminating her because of her disability.  Plaintiff alleges

Ms. Dewey terminated or recommended her termination because she perceived Plaintiff

to be a poor employee because of her disability, and not because of her performance.

Count V- Plaintiff alleges that WMATA created a hostile working environment in violation of the Rehabilitation Act of 1973 because Plaintiff was disabled. Plaintiff alleges that her supervisor Roseland Dewey created a hostile work environment by subjecting her to frequent and disparaging comments, negatively evaluating her, interfering with her job performance, and her limiting her ability to fully participate in workplace trainings.  Plaintiff alleges that this Ms. Dewey created this hostile work environment because of her disability.

Count VI - Plaintiff alleges that WMATA created a hostile working environment in violation of the Rehabilitation Act of 1973 because Plaintiff sought and used an accommodation for her disability. Plaintiff alleges that her supervisor Roseland Dewey created a hostile work environment because of Plaintiff's use of her accommodation for her disability. The hostile work environment created by Ms. Dewey included subjecting Plaintiff to frequent and disparaging comments, interfering with her job performance, and limiting Plaintiff's ability to fully participate in workplace trainings.

| /s/ Denise M. Clark | /s/ Michael K. Guss. |
|---|---|
| Denise M. Clark (420480) | Michael K. Guss #465171 |
| Clark Law Group, PLLC | Senior Counsel |
| 1100 Connecticut Ave., N.W., Suite 920 | WMATA- Office of General Counsel |
| Washington, D.C. 20036 | 600 Fifth Street, N.W. |
| Tel: 202-293-0015 | Washington, D.C. 20001 |
| Fax: 202-293-0115 | Tel. (202) 962-1468 |
| jgreenberg@benefitcounsel.com | Fax (202) 962-2550 |
| dmclark@benefitcounsel.com | mkguss@wmata.com |
| | |
| *Counsel for Plaintiff* | *Counsel for Defendant* |