# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TRACY HALL**, | |
| **Plaintiff**, | Civil Case No. 19-1800 (BAH) |
| v. | Chief Judge Beryl A. Howell |
| **WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY**, | |
| **Defendant**. | |

## INSTRUCTIONS TO THE JURY

The attached instructions were given to the jury in the trial of the captioned case on November 17, 2021.

DATE: November 17, 2021

_____
BERYL A. HOWELL
Chief Judge

*Hall v. WMATA*, 19-cv-1800
**FINAL JURY INSTRUCTIONS**

It is at this time my duty and responsibility as the trial judge to give you instructions as to the law that applies to this case and to the evidence that has been presented. It is your sworn duty to base your verdict upon the law given in these instructions and upon the evidence that has been admitted in this trial.

My instructions will be roughly divided into four parts. First, I will instruct you on the general principles of law that apply here. Second, I will instruct you on evaluating the evidence. Third, I will instruct you on the law that applies to the four claims brought by plaintiff **TRACY HALL** in this case and the affirmative defense asserted by defendant **WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY (WMATA)**. Finally, I will provide some instructions about logistics and how you are to conduct your deliberations.

I will provide you with written copies of these instructions for your use during deliberations, so there is no need for you to take notes now. During your deliberations, you may, if you want, refer to these instructions.

*General Instructions*

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. You should not be concerned about the wisdom of any rule that I give you. Regardless of any opinion that you may have as to what the law may be—or ought to be—it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments you just heard, in their objections, or in their questions is not evidence. Nor is what I may have said—or what I may say in these instructions—about a fact issue evidence. In this connection, you should bear in mind that a question put to a witness is never evidence; it is only the answer that is evidence. You may not, however, consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

During the course of the trial, you have heard references to the terms "plaintiff" and "defendant." The plaintiff, Tracy Hall, is the party who starts a lawsuit, and the defendant, the Washington Metropolitan Area Transit Authority (WMATA), is the party the plaintiff has sued. The fact that the plaintiff has filed a lawsuit against the defendant does not mean that the plaintiff is entitled to your verdict or that her evidence is entitled to greater weight than the defendant's evidence.

You must treat and consider all of these instructions as a whole. You must not single out any particular instruction or sentence while ignoring others. You must give each instruction equal importance and consider each one equally with all the other instructions.

*Hall v. WMATA*, 19-cv-1800
**FINAL JURY INSTRUCTIONS**

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the plaintiff has proven her case. If I have said or done anything at any time during this case, including giving these instructions, which seemed to indicate my opinion on any of these matters, then I instruct you to disregard that indication.

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper. Objections are not evidence. You must not hold such objections against the lawyer who made them or the party he or she represents. It is the lawyers' responsibility to object to evidence that he or she believes is not admissible.

Our system of justice requires that you decide the facts of this case in an impartial manner. You must not be influenced by bias, sympathy, prejudice, or public opinion. It is a violation of your sworn duty to base your verdict upon anything other than the evidence in this case.

In reaching a just verdict, you must consider and decide this case as an action between persons of equal standing in the community and of equal worth. WMATA has the same right to a fair trial as a private individual. All persons, including WMATA, stand equal before the law and are to be treated as equals in this court. In other words, the fact that the defendant is WMATA must not affect your decision.

### *Evaluating the Evidence*

You may consider only the evidence admitted in the case. The evidence consists of the sworn testimony of witnesses, exhibits admitted into evidence, and facts stipulated to by the parties. You may consider any facts to which the parties have stipulated or agreed to be undisputed.

If, during the course of the trial, I sustained an objection to a lawyer's question, then you should ignore the question and you must not guess about what the answer would have been. If, after a witness answered a question, I ruled that the answer should be stricken, then you should ignore both the question and the answer, and they should play no part in your deliberations. Similarly, if I sustained an objection to an exhibit, then you should ignore the exhibit and it should play no part in your deliberations, though I don't believe that occurred in this trial.

Statements and arguments of the lawyers are not evidence. They are intended only to help you to understand the evidence. Similarly, the questions of the lawyers are not evidence. If anyone describes the evidence you have heard differently from the way you remember it, it is your memory that should control during your deliberations. You must rely on your own recollection of the testimony and on any notes you may have taken during the trial.

The party who makes a claim—in this case, Ms. Hall—has the burden of proving it. This burden of proof means that Ms. Hall must prove every element of her claim by a preponderance of the evidence. To establish an

element by a preponderance of the evidence, the party must show evidence that produces in your mind the belief that the thing in question is more likely true than not true.  The party need not prove any element beyond a reasonable doubt, which is the standard of proof in criminal cases, or to an absolute or mathematical certainty.  If you believe that the evidence is evenly balanced on an issue Ms. Hall had to prove, then your finding on that issue must be for WMATA.

There is one exception to the general rule that Ms. Hall bears the burden of proof.  If you find that Ms. Hall has proven either or both of her hostile work environment claims by a preponderance of the evidence, you must consider the affirmative defense WMATA has asserted to those two specific claims.  I will discuss the specifics of plaintiff's hostile work environment claims and WMATA's affirmative defense with you shortly.  To prevail, WMATA must prove its affirmative defense by a preponderance of the evidence.  If you believe that the evidence is evenly balanced with respect to WMATA's affirmative defense, you must reject that defense.

In arriving at your verdict, you should consider only the evidence in this case.  That said, in determining whether a party has carried its burden of proof, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in the light of your experience and common sense.  You should not rely on speculation or guesswork.

You should consider all the evidence bearing on each claim, regardless of who produced it.  A party is entitled to benefit from all evidence that favors that party, whether that party or the adversary produced it.  You should not give more or less weight to evidence just because it happened to be produced by one side or the other.

There are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence.  When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence.  On the other hand, evidence of facts from which reasonable conclusions may be drawn is circumstantial evidence.

Let me give you an example.  Assume a person looked out a window and saw that snow was falling.  If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen.  Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up.  His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact.  The law does not favor one form of evidence over another.  It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial.  You are permitted to give equal weight to both.  In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

In deciding what the facts are, you must weigh the testimony of all the witnesses who have appeared before you.  You are the sole judges of the credibility of the witnesses.  In other words, you alone determine whether to believe any witness and to what extent any witness should be believed.  Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified.

You may consider anything that in your judgment affects the credibility of any witness.  For example, you may consider the witness's age, demeanor, capacity to observe and recollect facts, and any other facts and circumstances bearing on credibility.  You may consider whether the witness has any motive for not telling the

truth, any interest in the outcome of the case, or any friendship or animosity toward other persons involved in the case. You may consider the plausibility or implausibility of the testimony of a witness. You may also consider whether the witness's testimony has been contradicted or supported by other evidence.

The relative weight of the evidence on a particular issue is not determined by the number of witnesses testifying for either side or the number of exhibits on either side—it depends on the quality, and not the quantity, of the evidence. It is up to you to decide whether to credit the testimony of a smaller number of witnesses or a small number of exhibits on one side or the testimony of a greater number of witnesses or a greater number of exhibits on the other side.

A deposition is the testimony of a person taken before trial. The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions. A court reporter is present and records the questions and answers. During the trial, you saw a video of the deposition testimony of Brandon Price. You should give deposition testimony the same fair and impartial consideration you give any other testimony. You should not give more weight or less weight to deposition testimony just because the witness did not testify physically in court.

You may have heard evidence that a witness previously made statements and that these statements may be inconsistent with the witness's statement here at trial. It is for you to decide whether any of these prior statements was made and, if one or more was made, whether it is inconsistent with the witness's testimony during this trial. If you find that any prior statement is inconsistent with the witness's testimony here in court, you may consider this inconsistency in judging the credibility of the witness.

In one respect, the law treats prior statements that are inconsistent with court testimony differently depending on whether or not the prior statement was made under oath. If the prior inconsistent statement was made under oath, you may consider the statement as evidence that what the witness originally said was true. If the prior inconsistent statement was not under oath, you may not consider it as evidence that what the witness said in the earlier unsworn statement was true. Whether or not the prior inconsistent statement was under oath, you may consider the inconsistency in judging the witness's credibility.

If a witness testifies that a prior inconsistent statement is the truth, then you may consider the prior inconsistent statement both to evaluate the witness's credibility and as evidence of the truth of any fact contained in that statement.

The lawyers may have shown to you charts, PowerPoints, or summaries to help explain the facts. The charts, PowerPoints, or summaries themselves, however, are not evidence or proof of any facts. If any chart, PowerPoint, or summary does not correctly reflect facts or figures shown by the evidence in the case, then you should disregard that chart, PowerPoint, or summary. In other words, the charts, PowerPoints, or summaries are used only as a convenience; you should disregard any chart, PowerPoint, or summary that does not state the truth based on the evidence.

If a party failed to produce relevant evidence or failed to call a witness that could have given relevant testimony, and that evidence or witness was particularly available to that party, and that party did not sufficiently explain why the evidence or witness was not produced, then you are permitted to infer that the evidence or witness would have been unfavorable to the party who failed to produce the evidence or witness.

*Hall v. WMATA*, 19-cv-1800
**FINAL JURY INSTRUCTIONS**

*Claims*

In this case, plaintiff Tracy Hall makes claims based on the federal law known as the Rehabilitation Act of 1973. Under the Rehabilitation Act, employers that receive federal funding, such as WMATA, may not deprive a person with a disability of an employment opportunity because of that disability, if that person is able, with reasonable accommodation if necessary, to perform the essential functions of the position.

There are four claims to be decided in this case.

COUNT ONE: Plaintiff alleges that WMATA discriminated against her under the Rehabilitation Act of 1973 by rescinding her job offer of a Bus Scheduling System Specialist position because of her disability. In May 2018, plaintiff applied for a Bus Scheduling System Specialist position and was later interviewed for the position. Plaintiff alleges that she was given a verbal offer but that the conduct of her supervisor Rosalind Dewey resulted in plaintiff's job offer being rescinded. Plaintiff alleges that Ms. Dewey's conduct was motivated by discriminatory animus.

COUNT TWO: Plaintiff alleges that WMATA discriminated against her under the Rehabilitation Act of 1973 by terminating her because of her disability. Plaintiff alleges Ms. Dewey terminated or recommended plaintiff's termination because Ms. Dewey perceived plaintiff to be a poor employee because of her disability, and not because of her performance.

COUNT THREE: Plaintiff alleges that WMATA created a hostile working environment in violation of the Rehabilitation Act of 1973 because she was disabled. Plaintiff alleges that her supervisor Rosalind Dewey created a hostile work environment by subjecting her to frequent and disparaging comments, negatively evaluating her, interfering with her job performance, and limiting her ability to fully participate in workplace trainings. Plaintiff alleges that Ms. Dewey created this hostile work environment because of plaintiff's disability.

COUNT FOUR: Plaintiff alleges that WMATA created a hostile working environment in violation of the Rehabilitation Act of 1973 because plaintiff sought and used an accommodation for her disability. Plaintiff alleges that her supervisor Rosalind Dewey created a hostile work environment because of plaintiff's use of her accommodation for her disability. The hostile work environment created by Ms. Dewey included subjecting plaintiff to frequent and disparaging comments, interfering with her job performance, and limiting plaintiff's ability to fully participate in workplace trainings.

I will discuss the law related to each of these claims with you in more detail shortly.

WMATA denies Ms. Hall's claims. Instead, WMATA contends that Ms. Hall was not given the position she desired and that her employment was terminated because of Ms. Hall's poor work performance. WMATA also argues that Ms. Hall was not subject to a hostile work environment.

The parties agree, or stipulate, that Ms. Hall is a person with a disability. I have previously determined that this is true for the purposes of this case, and you must accept this as true.

To succeed on her failure to hire claim in COUNT ONE, Ms. Hall must show, by a preponderance of the evidence, that WMATA would not have refused to hire her as a Bus Scheduling Systems Specialist if Ms. Hall had not been disabled, but everything else remained the same.

*Hall v. WMATA*, 19-cv-1800
**FINAL JURY INSTRUCTIONS**

Even if there is no evidence of discriminatory bias on the part of the person who made the decision not to hire Ms. Hall as a Bus Scheduling Systems Specialist, Ms. Hall must show that the decision not to hire Ms. Hall depended entirely on (and was the foreseeable consequence of) the reports and conduct of Ms. Hall's supervisor Ms. Dewey. Ms. Hall must also show by the preponderance of the evidence that Ms. Dewey had discriminatory bias against Ms. Hall due to Ms. Hall's disability.

Ms. Hall is not required to prove that WMATA or the decision-maker knew or should have known of Ms. Dewey's discriminatory bias.

If you find that Ms. Hall has proved, by a preponderance of the evidence, that she would have been hired as a bus systems specialist but for her disability, you should turn to the issue of Ms. Hall's damages on that claim. If you find that Ms. Hall has failed to prove that her disability was the reason WMATA did not hire her as a Bus Scheduling Systems Specialist, you should return a verdict for WMATA on this claim.

To succeed on her wrongful termination claim in COUNT TWO, Ms. Hall must show, by a preponderance of the evidence, that WMATA would not have terminated her employment if Ms. Hall had not been disabled, but everything else remained the same.

If you find that Ms. Hall has proved, by a preponderance of the evidence, that WMATA would not have terminated her employment but for her disability, you should turn to the issue of Ms. Hall's damages on that claim. If you find that Ms. Hall has failed to prove that her disability was the reason WMATA terminated Ms. Hall's employment, you should return a verdict for WMATA on this claim.

Ms. Hall claims that she was subjected to harassment by her supervisor at WMATA and that this harassment was motivated by Ms. Hall's disability (COUNT THREE) and use of reasonable accommodations for her disability (COUNT FOUR). As you have already been instructed, the parties agree that Ms. Hall is an individual with a disability under the Rehabilitation Act.

For WMATA to be liable under COUNT THREE and COUNT FOUR, Ms. Hall must prove the following elements by a preponderance of the evidence:

> <u>First</u>, Ms. Hall was subjected to frequent and disparaging comments, interference with her job performance, and limitations in her ability to fully participate in workplace trainings and opportunities by her supervisor, Rosalind Dewey.
>
> <u>Second</u>, Ms. Dewey's conduct was not welcomed by Ms. Hall.
>
> <u>Third</u>, Ms. Dewey's conduct was motivated by:
>
>> for COUNT THREE, the fact that Ms. Hall has a disability; and/or
>>
>> for COUNT FOUR, Ms. Hall's use of reasonable accommodations.
>
> <u>Fourth</u>, the conduct was so severe or pervasive that a reasonable person in Ms. Hall's position would find their work environment to be hostile or abusive. This element requires you to look at the evidence from the point of view of the reaction of a reasonable person with Ms. Hall's disability to Ms. Hall's work environment.

>    <u>Fifth</u>, Ms. Hall believed her work environment to be hostile or abusive as a result of Ms. Dewey's conduct.

If you determine that Ms. Hall has proven all five of these elements by a preponderance of the evidence, you must then consider whether the harassment at issue resulted in a tangible employment action. This means an official action of WMATA involving a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a significant change in benefits. If you find that it did, then you must find WMATA liable for the hostile work environment and proceed to consider damages. On the other hand, if you find that the hostile work environment did not result in a tangible employment action, you must proceed to consider WMATA's affirmative defense.

If you find that Ms. Hall has satisfied her burden of proof as to either or both of her hostile work environment claims in COUNT THREE and COUNT FOUR and that the harassment at issue did *not* result in a tangible employment action, you must consider WMATA's affirmative defense. Again, this affirmative defense is not available to WMATA if you find that the harassment did result in a tangible employment action.

To prevail on its affirmative defense, WMATA must prove both of the following by a preponderance of the evidence:

>    <u>First</u>, WMATA exercised reasonable care to prevent and correct promptly the harassing behavior.

>    <u>Second</u>, Ms. Hall unreasonably failed to take advantage of any preventive or corrective opportunities that WMATA provided.

If you determine that this affirmative defense is available to WMATA and WMATA has proven both of these elements by a preponderance of the evidence, you must enter a verdict for WMATA on this claim. Otherwise, you must enter a verdict for Ms. Hall.

## *Damages*

I will now give you instructions about damages. You should not consider the fact that I am giving you this instruction as suggesting any view of mine as to whether or not WMATA should be held liable, or that I think you should or should not award any damages. Those decisions are entirely for you to make. I am giving you these instructions solely for your guidance, in the event that you find in favor of Ms. Hall on any of her claims against WMATA and you decide to award her damages.

If you find by a preponderance of the evidence that WMATA violated Ms. Hall's rights under the Rehabilitation Act, then you must consider the issue of compensatory damages. You must award Ms. Hall an amount that will fairly compensate her for any injury she sustained as a result of WMATA's conduct. The damages that you award must be fair compensation—no more and no less. The award of compensatory damages is meant to put Ms. Hall in the position she would have occupied if the discrimination had not occurred. Ms. Hall has the burden of proving damages by a preponderance of the evidence.

Ms. Hall must show that the injury would not have occurred without WMATA's actions. Ms. Hall must also show that WMATA's actions played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of WMATA's actions. This test—a substantial part in bringing about the injury—is to be distinguished from the test you must employ in determining whether

*Hall v. WMATA*, 19-cv-1800
**FINAL JURY INSTRUCTIONS**

WMATA's actions were motivated by discrimination.  In other words, even assuming that WMATA's actions were motivated by discrimination, Ms. Hall is not entitled to damages for an injury unless WMATA's discriminatory actions played a substantial part in bringing about that injury.

There can be more than one cause of an injury.  To find that WMATA's actions caused Ms. Hall's injury, you need not find that WMATA's act was the nearest cause, either in space or time.  However, if her injury was caused by a later, independent event that intervened between WMATA's actions and her injury, WMATA is not liable unless the injury was reasonably foreseeable by WMATA.

In determining the amount of any damages that you decide to award, you should be guided by common sense.  You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence.  You may not award damages based on sympathy, speculation, or guesswork.

You may award damages for any pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life that Ms. Hall experienced as a consequence of WMATA's allegedly unlawful actions.  No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence.  There is no exact standard for determining the compensation to be awarded for these elements of damage.  Any award you make should be fair in light of the evidence presented at the trial.

In assessing damages, you must not consider attorney's fees or the costs of litigating this case.  Attorney's fees and costs, if relevant at all, are for the court and not the jury to determine.  Therefore, attorney's fees and costs should play no part in any calculation you make about damages.

### *Logistical Matters*

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court.  Consider selecting a foreperson who will encourage civility and mutual respect, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote full and fair consideration of the evidence.

The verdict must represent the considered judgment of each juror.  In order to return a verdict, your verdict must be unanimous—that is, each juror must agree to the verdict.

Each of you has a duty to consult with other jurors in an attempt to reach a unanimous verdict.  You must decide the case for yourself, and you should not surrender your honest beliefs about the effect or weight of evidence merely to return a verdict or solely because of other jurors' opinions.  However, you should seriously consider the views of your fellow jurors, just as you expect them seriously to consider your views, and you should not hesitate to change an opinion if you are convinced by other jurors.

Remember that you are not advocates but neutral judges of the facts.  You will make an important contribution to the cause of justice if you arrive at a just verdict in this case.  Therefore, during your deliberations, your purpose should not be to support your own opinion but to determine the facts.

If it becomes necessary to communicate with me, you may send a note by the Court Security Officer who will be seated outside Courtroom 6, which you will use for deliberations.  That note must be signed by one or more members of the jury.  No member of the jury should ever attempt to communicate with me by any means other than a signed writing.  I will not communicate with any member of the jury on any subject touching the merits

*Hall v. WMATA*, 19-cv-1800
**FINAL JURY INSTRUCTIONS**

of the case other than in writing, or orally here in open court.  Likewise, the Court Security Officers and all other persons are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind that you are never to reveal to any person—not even to me—how the jury stands on the questions before you, numerically or otherwise, until after you have reached a unanimous verdict.

I have allowed you to take notes during the trial if you wished to do so.  Recall that these notes are only for your personal use and are only to be used as an aid to your memory.  Your notes are not evidence in the case, and they should not replace your own memory of the evidence.  Those of you who have chosen not to take notes should rely on your own memory of the evidence.

Throughout your deliberations, you may discuss with each other the evidence and the law that has been presented in the case, but you must not communicate with anyone else by any means about the case.  You cannot learn from outside sources about the case, the matters in the case, the legal issues in the case, or individuals or other entities involved in the case.  This means you may not use any electronic device or media (such as a phone, computer, or tablet), the internet, any text or instant messaging service, or any social media apps (such as Twitter, Facebook, Instagram, LinkedIn, YouTube, WhatsApp, and Snapchat—and the list keeps growing) to research or communicate about what you have seen and heard in this courtroom.

These restrictions continue during deliberations because it is essential, under our Constitution, that you decide this case based solely on the evidence and law presented in this courtroom.  Information you find on the internet or through social media might be incomplete, misleading, or inaccurate.  Furthermore, using your smartphones, tablets, iPhones, and computers—including the news and social media apps on those devices—may inadvertently expose you to certain notices, such as pop-ups or advertisements, that could influence your consideration of the matters you have heard about in this courtroom.

You are permitted to discuss the case only with your fellow jurors during deliberations because they have seen and heard the same evidence and instructions on the law that you have, and it is important that you decide this case solely on the evidence presented during the trial, without undue influence by anything or anyone outside of the courtroom.  For this reason, I do expect you to inform me at the earliest opportunity, should you learn about or share any information about this case outside of this courtroom or the jury room, or learn that another juror has done so.

A verdict form has been prepared for your convenience.  You will take this form to the jury room.  The verdict form contains multiple questions, and the answer to each question must be the unanimous answer of the jury.  Your foreperson will write the unanimous answer of the jury in the space provided at the end of each question.  As these instructions tell you, depending on how you answer a question, it may or may not be necessary to answer the next question, so please follow the instructions provided on the form.  The foreperson will then date and sign the special verdict form as so completed.  You will then notify the Court Security Officer sitting outside the courtroom that you will use for your deliberations that you have reached a unanimous verdict.  Do not show the Officer the verdict form or tell the Officer anything about your verdict.  You will give the form to me or to Ms. Gumiel, my courtroom deputy, when you return to the courtroom.

Thank you for your attention as I have given you these instructions.  I am now going to ask Ms. Gumiel to escort you to Courtroom 6 to begin your deliberations.